PS 8
(Rev 02/94)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | REDACTED |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Criminal Action No. 1:06CR00078-001 |
| ) | |
| Ronald Long  ) | |
| ) | |
| Defendant  ) | |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW <u>ANGELICA LOPEZ</u> PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant <u>Ronald Long</u> who was placed under pretrial release supervision by the Honorable <u>Mary Pat Thynge</u> sitting in the court at <u>Wilmington, Delaware,</u> on the <u>4th</u> day of <u>August, 2006</u> under the following conditions:

Please see attached.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach)

Please see attached.

**PRAYING THAT THE COURT WILL ORDER** the issuance of a summons requiring Ronald Long to appear for a hearing to determine if he has violated the terms and conditions of pretrial release.

ORDER OF COURT

So ordered this ___5___ day
of _____ 2007.

_____
Magistrate Judge

I declare under penalty of perjury the foregoing is true and correct,

_____
U. S. Pretrial Services Officer

Executed on   <u>January 31, 2007</u>

Place   <u>Wilmington, Delaware</u>

**Condition (7)(a):** The defendant shall report to Pretrial Services as required by that agency.

**Evidence:** The defendant failed to report for a scheduled office visit on January 16, 2007.

**Condition (7)(p):** Refrain from the use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

**Condition (7)(q):** Submit to any method of drug testing required by pretrial services office or supervising officer for determining whether the defendant is using prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

**Evidence:** The defendant tested positive for cocaine on the following dates:

August 11, 2006
August 25, 2006
October 24, 2006
November 20, 2006
January 11, 2007
January 26, 2007

The defendant admitted to using cocaine on September 8, 2006 and October 6, 2006, respectively.

**Condition (7)(r):** Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

**Evidence A:** On October 12, 2006, the defendant was referred to The Wedge Medical Center, an outpatient treatment facility. The defendant reported for two sessions and never returned.

**Evidence B:** Upon discharge from Bowling Green, a residential treatment facility, the defendant was referred to The Wedge Medical Center for intensive outpatient treatment. The defendant never reported. He was discharged from the program on January 29, 2007 for failure to engage.

**SPECIAL CONDITIONS OF RELEASE**

(7)(a)   The defendant shall report to Pretrial Services as required by that agency.

(I)   No travel outside the Eastern District of Pennsylvania unless authorized by Pretrial Services or reporting to Delaware for court related matters.

(n)   Refrain from possessing a firearm, destructive device, or other dangerous weapon.

(p)   Refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C., 802, unless prescribed by a licensed medical practitioner.

(q)   Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(r)   Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(u)   Report as soon as possible, to the pretrial services office or supervising officer with any law enforcement, including, but not limited to, any arrest, questioning, or traffic stop.

(v)   Regarding item (7)(r), shall also include evaluation and treatment.

(w)   Regarding item (7)(I), must obtain permission from Pretrial Services no less than 24 hours before the scheduled travel.

(x)   Must reside at _____, Philadelphia, PA 19318.