

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*                              *(302) 573-6277*
*1007 N. Orange Street, Suite 700*        *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

April 23, 2007

The Honorable Gregory M. Sleet
United States District Judge
United States District Court
844 King Street
Wilmington, DE 19801

> **Re:    United States v. Ronald Long**
> **Criminal Action No. 06-78-GMS**

Dear Judge Sleet:

As Elliot Cohen, counsel for the defendant, informed the Court today, the defendant intends to enter a guilty plea. Therefore, the parties respectfully request that the Court schedule a change of plea hearing. I have enclosed a copy of the proposed Memorandum of Plea Agreement for the Court's review.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____

Beth Moskow-Schnoll
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,              :
                                       :
            Plaintiff,               :
                                       :
        V.                            :       Criminal Action No. 06-78-GMS
                                       :
RONALD LONG, a/k/a RONALD              :
CHAMBERLAIN,                           :
                                       :
           Defendant.              :

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its

attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware,

and on behalf of and with the consent and knowledge of Colm F. Connolly, United States

Attorney for the District of Delaware, and the defendant, Ronald Long, by and through his

attorney, Elliot Cohen, Esquire, the following agreement is hereby entered into by the respective

parties:

      1.     The defendant, Ronald Long, agrees to plead guilty to Count Three of the

Indictment charging him with aggravated identity theft in violation of Title 18, United States

Code, Section 1028A. This statute is a penalty enhancement that carries a mandatory two year

term of incarceration, up to a $250,000 fine, and a $100 special assessment.

      2.     The defendant understands that if there were a trial, the government would have to

prove the following elements with respect to Count Three of the Indictment: (a) the defendant

knowingly used, without lawful authority, a means of identification of another person; and (b) the

defendant used the means of identification of another person during and in relation to a violation

of the bank fraud statute.

3.    The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around November 2004, through in or around at least July 2005, an unindicted co-conspirator supplied the defendant with counterfeit checks; (b) the defendant knowingly and voluntarily agreed with the unindicted co-conspirator to cash the counterfeit checks in return for a portion of the proceeds; (c) so that the defendant could negotiate the checks, the unindicted co-conspirator supplied the defendant with identification, primarily driver's licenses and credit cards, bearing the names of the payees on the counterfeit checks; and (d) from in or around November 2004, through in or around at least July 2005, the defendant cashed or attempted to cash counterfeit checks totaling $163,864.70 at financial institutions primarily located in and around Delaware, New Jersey, and Pennsylvania.

4.    The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

5.    At the time of sentencing, the government agrees to move to dismiss Counts One and Two of the Indictment that was returned against the defendant on July 13, 2006.

6.    The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does

2

not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

7.    The defendant agrees to cooperate fully and truthfully with the Government as follows:

a.    Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury. The defendant understands that if his prior statements to the Government are untruthful in any material way this agreement is violated and becomes void.

b.    Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge.

c.    Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d.    Defendant agrees to testify as a witness before any Grand Jury, hearing, or trial when called upon to do so by the Government.

e.    Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

f.    Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g.    Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that

3

sentencing be postponed until his cooperation is complete.

i.      Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

j.      Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, other than violations or traffic offenses, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government, and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

8.      If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a.      Make the nature and extent of the defendant's cooperation known to the Court.

b.      Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, 28 U.S.C. §994(n), and 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that his debriefing and cooperation have not yet been completed and that a debriefing does not amount to substantial assistance.

c.      Make whatever sentencing recommendation the Government deems

4

appropriate.

9.      The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

10.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY: _____

_____
Ronald Long
Defendant

Beth Moskow-Schnoll
Assistant United States Attorney

_____
Elliot Cohen
Attorney for Defendant

Dated:

**AND NOW,** this ___ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby  (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
United States District Court Judge